PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAFAEL PASARELL, Defendant and Appellant.

No. 4585. Argued December 4, 1931.—Decided December 22, 1931.

Agustín R. Font for appellant. E. Díaz Viera, Assistant Fiscal, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This is an appeal taken by Rafael Pasarell from a judg-ment whereby he was convicted of the offense of carrying a prohibited weapon, and the only ground of appeal he urges is that the lower court refused to dismiss this prosecution, under subdivision 2 of section 448 of the Code of Criminal Procedure, as requested by him before the commencement of the trial. The cited legal provision prescribes that, unless good cause to the contrary is shown, the court shall order the prosecution to be dismissed where a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information.

The appellant was also being prosecuted for murder in the same court, and the trial in both cases was set for January 28 of the present year. The district attorney obtained a continuance of the trial for murder, whereupon the appellant, on the plea that it would be in the furtherance of justice and in the interest of both The People and him-self to have both cases tried together, moved on January 27 for a postponement of the trial for carrying a prohibited weapon, thus waiving his right to a speedy trial. The court

granted this motion. The case for murder was tried on June 15, and that for carrying a prohibited weapon on the 23rd of June.

It is true that from January 27 to June 23 more than one hundred and twenty days had elapsed without holding a trial in the latter prosecution; but it is also true that the motion for a postponement filed by the appellant on January 27 rested on the claim that it was to the interest of the appellant that the trial of the cause for carrying a forbidden weapon should not be held before the prosecution for murder, this being the reason why he waived a speedy trial pending a trial of the other cause. Therefore, the one hundred and twenty days can not be computed from January 27 but from June 15 when the trial for murder was held. The case of *People* v. *Cepeda,* 31 P.R.R. 465, has no application here because in that case the continuance sought by the defendant was not conditioned.

The judgment appealed from must be affirmed.